# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRENDALYN C. NICHOLAS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MOBILE INFIRMARY ASSOCIATION, )<br>*et al.*, )<br>    Defendants. ) | CIVIL ACTION: 1:20-00021-KD-N |

## ORDER

This matter is before the Court on Plaintiff's Rule 15(a)(2) Motion for leave to file a second amended complaint (Doc. 66), Defendant Vascular Associates of South Alabama, LLC (VASA)'s Response (Doc. 72), and Defendant Makamason's Response (Doc. 73).

Specifically, Plaintiff seeks leave of Court to file a second amended complaint to: add Dr. Benjamin J. Makamason to Count I; add Count IV a state law outrage/intentional infliction of emotional distress claim against Makamason and VASA; and add Count V, a state law willfulness/wantonness claim against Makamason and VASA. (Doc. 66). In response, Defendant VASA does not oppose the proposed amendment (Doc. 72), and Defendant Makamason notes "leave is likely to be granted[]" for the amendment (Doc. 73 at 2). There has been no response from Defendant Mobile Infirmary Association.[1]

Rule 15(a)(2) of the <u>Federal Rules of Civil Procedure</u> states "[t]he court should freely give leave when justice so requires" to allow a party to amend its pleadings. As expressed in <u>Laurie v. Ala. Court of Criminal Appeals</u>, 256 F.3d 1266, 1274 (11th Cir. 2001):

> The decision whether to grant leave to amend a complaint is within the sole discretion of the district court....however...."leave shall be freely given when justice

---

[1] Though given the opportunity, said defendant failed to respond by the 1/29/20 deadline. (Doc. 71).

so requires." See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend. Id. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

The court "may consider several factors...including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies...undue prejudice to the opposing party...[and] futility...." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–41 (11th Cir. 2014).

Upon consideration, there is no indication of undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice and/or futility, and Defendants Makamason and VASA do not assert such. Additionally, there is no opposition by any defendant. Thus, given no substantial reason to deny the motion, Plaintiff's Rule 15(a)(2) motion for leave to file a second amended complaint (Doc. 66) is **GRANTED** and the Clerk is **DIRECTED** to docket Doc. 66-1 as the Plaintiff's Second Amended Complaint. Defendants shall respond to Plaintiff's Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **3rd** day of **March 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**